PAPE v. B. & B. CONST. CO., Inc., et al.·

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

COURTS ☞189(9)—MUNICIPAL COURT—TRIAL ADJOURNMENT—DISMISSAL.

In an action in the Municipal Court on notes, where plaintiff proved their making and delivery and purchase by himself, but it appeared that the notes had been sold before maturity and for value, and that plaintiff had purchased them from the buyer after maturity, whereupon defendant asked adjournment, claiming he was not aware till then that the notes had been sold, and that, though he had demanded a bill of particulars, none had been furnished, the court, granting adjournment, improperly dismissed the complaint when the parties again appeared, plaintiff producing the minutes of the trial so far as it had gone and handing them to the justice, upon defendant's insistence that plaintiff retry the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ☞189(9).]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Chester A. Pape against the B. & B. Construction Company, Incorporated, and others. From a judgment dismissing the complaint, an order denying his motion for judgment, and one directing him to retry his case, plaintiff appeals. Judgment reversed, and judgment directed for the amount sued for.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Adolph E. Gutgsell, of New York City (Lorlys E. Rogers, of New York City, of counsel), for appellant.

Anthony J. Romagna, of New York City, for respondents.

GUY, J. This action was brought upon two promissory notes made by the defendant the B. & B. Construction Company, payable to the Mugler Iron Works, and transferred to the plaintiff. The case came on for trial on May 4, 1916, both sides declared themselves to be ready, and the trial proceeded. The plaintiff proved the making and delivery of the notes, and the purchase of them by the plaintiff; in fact, the defendant conceded substantially the entire case of the plaintiff. It appeared in the course of the cross-examination of one Mugler, the president of the Mugler Iron Works, the payee of the notes, that they had been sold to one Waldo, before maturity and for value, and that the plaintiff had purchased them from Waldo, after maturity.

The defendant thereupon asked for an adjournment of the trial, claiming that he was not aware, until then, that the notes had been sold

to Waldo, and also claiming that, although he had demanded a bill of particulars of plaintiff, none had been furnished him. The court granted an adjournment until May 9, 1916. When this adjournment was taken, Mugler was on the stand being cross-examined by the defendant's attorney. On May 9, 1916 when the parties again appeared before the court, the defendants' counsel asked that the trial be taken up from the beginning and be retried. The plaintiff objected to this. His attorney produced the minutes of the trial, so far as it had gone, and handed them to the justice, and asked that the defendants' counsel proceed with the cross-examination of Mugler, who was the witness on the stand at the time of the adjournment. This the defendant refused to do, and insisted that the plaintiff proceed to retry the case, or that his complaint be dismissed. The plaintiff's attorney thereupon stated to the court that he had rested his case, that he had no further evidence to produce and asked for a judgment. The court below said:

"The defendant answers ready and asks for a dismissal of the complaint: is that it? Defendants' Attorney: Yes. The Court: The motion will be granted."

Clearly, the court had no power thus to throw the plaintiff out of court. The plaintiff had presented his entire case, and the trial was with the defendant. The minutes of the previous day's proceedings were in court, subject to the use of the justice, if needed by him, and not the slightest grounds were presented for a new trial, or even for a mistrial. The defendants should have been directed to proceed with the trial. Should this court merely reverse the judgment and order a new trial, the defendant would thereby profit by his own refusal to proceed.

Judgment reversed, with $30 costs, and judgment directed for the amount of the notes sued upon, with interest and appropriate costs in the court below. All concur.